**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

<table>
<tr><td>

COALITION OF AMERICAN
MANUFACTURERS OF MOBILE ACCESS
EQUIPMENT,

Plaintiff,

v.

UNITED STATES,

Defendant.

</td><td>

Before: Hon. _____

Court No. 22-00152

</td></tr>
</table>

<u>**COMPLAINT**</u>

Plaintiff the Coalition of American Manufacturers of Mobile Access Equipment ("Plaintiff"), by and through its attorneys, alleges and states as follows:

<u>**ADMINISTRATIVE DETERMINATION TO BE REVIEWED**</u>

1.      Plaintiff brings this Complaint to contest the final determination issued by the U.S. Department of Commerce ("Commerce") in the antidumping duty investigation on *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China*. The final determination was issued on February 14, 2022 and published in the *Federal Register* on February 22, 2022. *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 87 Fed. Reg. 9,576 (Dep't Commerce Feb. 22, 2022) (final affirm. deter. of sales at less than fair value) ("*Final Determination*") and accompanying Issues and Decision Memorandum ("Issues & Decision Memo"). Subsequently, the U.S. International Trade Commission ("ITC") issued an affirmative threat of material injury determination with respect to Chinese imports of mobile access equipment and subassemblies thereof ("MAE"), and Commerce published an antidumping duty order. *See Certain Mobile Access Equipment and*

Ct. No. 22-00152

*Subassemblies Thereof From the People's Republic of China*, 87 Fed. Reg. 22,190 (Dep't Commerce Apr. 14, 2022) (antidumping duty order).

## JURISDICTION

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c), as this action is commenced under sections 516A(a)(2)(A)(i)(II) and (a)(2)(B)(i) of the Tariff Act of 1930, *as amended*.  19 U.S.C. § 1516a(a)(2)(A)(i)(II) & (a)(2)(B)(i).

## STANDING

3.      Plaintiff is an association of domestic MAE producers and therefore is an interested party within the meaning of 19 U.S.C. § 1677(9)(E).  Plaintiff was the petitioner in Commerce's underlying antidumping duty investigation.  Accordingly, Plaintiff has standing to commence this action pursuant to 28 U.S.C. § 2631(c) and 19 U.S.C. § 1516a(d).

## TIMELINESS OF ACTION

4.      Plaintiff commenced this action by filing a Summons on May 13, 2022, within 30 days after the date of publication of the antidumping duty order in the *Federal Register*. Summons (May 13, 2022), ECF No. 1.  Plaintiff is filing this Complaint within the deadline. The  Summons  and  Complaint  therefore  are  timely  filed  pursuant  to  19 U.S.C. § 1516a(a)(2)(A)(i)(II) and 19 U.S.C. § 1516a(a)(2)(B)(i) and Rules 3(a)(2) and 6(a) of this Court.

## HISTORY OF THE ADMINISTRATIVE PROCEEDING

5.      On February 26, 2021, Plaintiff filed a petition with Commerce and the ITC alleging that the MAE industry in the United States was materially injured or threatened with material injury by reason of dumped and subsidized MAE imports from China.

Ct. No. 22-00152

6.    On March 25, 2021, Commerce published its notice of initiation of an antidumping duty investigation into imports of MAE from China. *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China*, 86 Fed. Reg. 15,922 (Dep't Commerce Mar. 25, 2021) (initiation of less-than-fair-value investigation). The investigation covered a period of investigation of July 1, 2020, through December 31, 2020. Issues & Decision Memo at 4.

7.    On April 22, 2021, Commerce selected Lingong Group Jinan Heavy Machinery Co., Ltd. ("LGMG") and Zhejiang Dingli Machinery Co., Ltd. ("Dingli") as mandatory respondents in the investigation. *See Certain Mobile Access Equipment and Subassemblies Thereof From the People's Republic of China*, 86 Fed. Reg. 54,164 (Dep't Commerce Sept. 30, 2021) (prelim. affirm. deter. of sales at less than fair value, postponement of final deter., and extension of provisional measures) ("*Prelim. Determination*") and accompanying Decision Memorandum ("Prelim. Decision Memo") at 2-3.

8.  Consistent with its normal practice in antidumping proceedings concerning non-market economies, including China, Commerce's questionnaires requested information on, *inter alia*, the factors of production used in the production of the merchandise under consideration. *See* Prelim. Decision Memo at 3. Commerce also solicited and collected information from interested parties regarding the selection of surrogate value data to be used to value the respondents' factors of production, including for ocean freight and various inputs. *See id.* at 4-5. Plaintiff argued that Commerce should reject certain of the information submitted by Dingli as untimely and otherwise improper. *See* Issues & Decision Memo at Comment 5.

9.    On September 30, 2021, Commerce published its preliminary determination in the antidumping duty investigation. *Prelim. Determination*, 86 Fed. Reg. at 54,164. In the

Ct. No. 22-00152

preliminary determination, Commerce selected Brazil as the primary surrogate country and relied

upon the surrogate value data provided by respondents, rather than the data provided by Plaintiff,

for ocean freight and for a number of inputs into the production process. *See* Prelim. Decision

Memo at 9.  Commerce also decided to accept the information submitted by Dingli that Plaintiff

argued should be rejected. *See* Issues & Decision Memo at Comment 5.  In part as a result of

these findings, Commerce preliminarily calculated a dumping margin of 275.06 percent for

LGMG, 17.78 percent for Dingli, 56.55 percent for the separate rate companies and 275.06

percent for the China-wide entity. *Prelim. Determination*, 86 Fed. Reg. at 54,165.

10.     Following the issuance of the preliminary determination, Plaintiff submitted a

case brief identifying a number of issues for which the agency should change its decisions for the

final determination. *See generally* Issues & Decision Memo.  In particular, Plaintiff argued that

Commerce incorrectly calculated the surrogate values for minor fabricated steel components,

steel bar, steel board over 4.75 mm, steel mount plates above 4.75 mm and below 4.75 mm, steel

plate with a thickness of between 3.00 and 4.75 mm, steel plate with a thickness of at least

10 mm, steel plate under 4.75 mm in thickness, steel plate over 4.75 mm in thickness, cable

bridge steel plate and drive motors, as well as the surrogate value for ocean freight, in the

preliminary results. *See* Issues & Decision Memo at Comments 1 and 6.  In so arguing, Plaintiff

explained that its own surrogate value data more accurately reflected the inputs used by

respondents in the production of mobile access equipment, and that Commerce should not rely

on evidence, including mill test certificates, submitted by respondent Dingli in support of its

surrogate value arguments that was severely flawed and not credible. *See id.* at Comment 6.

Plaintiff further argued that Commerce unreasonably rejected its ocean freight data sourced from

Maersk to value respondents' ocean freight, as such data was publicly available, freely accessible

Ct. No. 22-00152

and has been a standard source of ocean freight for the agency for many years. *See id.* at Comment 1. Plaintiff also again argued that Commerce should reject certain information filed by Dingli as untimely and otherwise improper. *See id.* at Comment 5.

11.    On February 22, 2022, Commerce published its final determination in the antidumping duty investigation. *See Final Determination*, 87 Fed. Reg. at 9,576. In its final determination, the agency continued to reject Plaintiff's surrogate value data for the inputs identified above, as well as for ocean freight. *See* Issues & Decision Memo at Comments 1 and 6. The agency also continued to accept the information filed by Dingli that Plaintiff argued should be rejected. *See id.* at Comment 5. As a result of these and other findings, Commerce calculated a final dumping margin of 165.30 percent for LGMG, 31.70 percent for Dingli, 51.83 percent for the separate rate companies, and 165.30 percent for the China-wide entity. *Final Determination*, 87 Fed. Reg. at 9,577.

## CLAIMS AND BASES FOR RELIEF

### Count I

12.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 11.

13.    Commerce's determination not to rely on Plaintiff's Maersk data to value respondents' ocean freight was unsupported by substantial evidence and not in accordance with law.

### Count II

14.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 13.

15.    Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' minor fabricated steel components was unsupported by substantial evidence and not in accordance with law.

Ct. No. 22-00152

## Count III

16.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 15.

17.    Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel bar was unsupported by substantial evidence and not in accordance with law.

## Count IV

18.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 17.

19.    Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel board over 4.75 mm was unsupported by substantial evidence and not in accordance with law.

## Count V

20.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 19.

21.    Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel mount plates above 4.75 mm and below 4.75 mm was unsupported by substantial evidence and not in accordance with law.

## Count VI

22.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 21.

23.    Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel plate with a thickness of between 3.00 and 4.75 mm was unsupported by substantial evidence and not in accordance with law.

## Count VII

24.    Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 23.

Ct. No. 22-00152

25.     Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel plate with a thickness of at least 10mm was unsupported by substantial evidence and not in accordance with law.

### Count VIII

26.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 25.

27.     Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel plate under 4.75 mm in thickness was unsupported by substantial evidence and not in accordance with law.

### Count IX

28.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 27.

29.     Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' steel plate over 4.75 mm in thickness was unsupported by substantial evidence and not in accordance with law.

### Count X

30.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 29.

31.     Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' cable bridge steel plate was unsupported by substantial evidence and not in accordance with law.

### Count XI

32.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 31.

33.     Commerce's determination to reject Plaintiff's surrogate value data and arguments to value respondents' drive motors was unsupported by substantial evidence and not in accordance with law.

Ct. No. 22-00152

### Count XII

34.     Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 33.

35.     Commerce's determination to accept onto the record untimely and otherwise improper factual information submitted by Dingli was arbitrary, unsupported by substantial evidence and not in accordance with law.

### REQUEST FOR JUDGMENT AND RELIEF

For the reasons stated in this Complaint, Plaintiff respectfully requests that the Court:

1)     Hold that aspects of Commerce's final determination in the antidumping duty investigation of *Certain Mobile Access Equipment and Subassemblies Thereof from the People's Republic of China* are not supported by substantial record evidence and are otherwise not in accordance with law; and

2)     Remand the final determination to Commerce for disposition consistent with the Court's final opinion; and

3)     Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

*/s/ Timothy C. Brightbill*
Timothy C. Brightbill, Esq.
Laura El-Sabaawi, Esq.

**WILEY REIN LLP**
2050 M Street, NW
Washington, DC 20036
(202) 719-7000

*Counsel for the Coalition of American Manufacturers of Mobile Access Equipment*

Dated:  June 13, 2022

## <u>CERTIFICATE OF SERVICE</u>

PUBLIC SERVICE

### *Coalition of American Manufacturers of Mobile Access Equipment v. United States*
### Court No. 22-00152

I certify that a copy of this public submission was served on the following parties, via certified mail and electronic service, on June 13, 2022.

*/s/ Claire M. Webster*

Attorney in Charge
**International Trade Field Office**
Department of Justice, Civil Division
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

General Counsel
**U.S. Department of Commerce**
14th Street and Constitution Avenue, NW
Washington, DC 20230

Supervising Attorney
**U.S. Department of Justice**
P.O. Box 480
Ben Franklin Station
Washington, DC 20044

Jeffrey S. Grimson, Esq.
**Mowry & Grimson PLLC**
5335 Wisconsin Avenue, NW
Suite 810
Washington, DC 20015

Michael P. House, Esq.
**Perkins Coie, LLP**
700 13th Street, NW
Suite 600
Washington, DC 20005

Ned H. Marshak, Esq.
**Grunfeld Desiderio Lebowitz Silverman Klestadt, LLP**
1201 New York Avenue, NW
Suite 650
Washington, DC 20005

Jeffrey S. Neeley, Esq.
**Husch Blackwell LLP**
1801 Pennsylvania Avenue, NW
Suite 1000
Washington, DC 20006

Diana Dimitriuc-Quaia, Esq.
**ArentFox Schiff LLP**
1717 K Street, NW
Washington, DC 20006

Matthew T. McGrath, Esq.
**Barnes Richardson & Colburn**
1850 M Street, NW
Suite 1060
Washington, DC 20036

Jack A. Levy
**Cassidy Levy Kent (USA) LLP**
900 19th Street, NW
Suite 400
Washington, DC 20006

Matthew R. Nicely, Esq.
**Akin Gump Strauss Hauer & Feld LLP**
2001 K Street, NW
Washington, DC 20006